The notice mailed to the clerk was not received by him until the 23d of March, 1863, four days after the time to appeal expired.

The order should be affirmed.

---

# LOBACH *a.* HOTCHKISS.

*Supreme Court, First District; General Term, Dec.,* 1863.

SHIPPING.—SALVAGE.—LIABILITY OF OWNER.—MOTION FOR NEW
TRIAL.—CASE AND EXCEPTIONS.—APPEAL.—REVIEW OF LAW
AND FACT.

In an action against a ship-owner to recover the amount of advances made to compromise a demand for salvage, evidence that the defendant claimed and received from the underwriters his share of the insurance on the basis of an adjustment of general average, which included the advances made by plaintiff,— *Held,* an admission of defendant's liability for such advances.

Advances obtained by a shipmaster to compromise a claim against ship and cargo for salvage, and thus enable the vessel to proceed on her voyage, are properly chargeable against the owner, irrespective of the fact that the master is interested in the voyage to such an extent that the owner might not be liable for ordinary advances.

Where an action has been tried by jury, and no motion made at special term or circuit for a new trial, a review upon the facts cannot be had at general term.

An appeal lies upon the law, from a judgment where there has been a trial before the judge and a jury, at circuit. The appeal is considered, however, only upon the exceptions taken.

Where the trial has been by the court or referees, an appeal can be taken to the general term directly, so as to obtain a review of both the facts and the law.

Appeal from a judgment.

The action was by William Lobach and John F. Schepeler against George Hotchkiss, owner of the schooner Stephen Hotchkiss, to recover $552.18, the balance of an amount expended by Fischer, Büssing & Co., of Vera Cruz, Mexico, in the year 1855, in settlement of a claim for salvage, and other disbursements, arising out of a stranding of the schooner at Alvarado, Mexico. The cause was tried before Mr. Justice Clerke and a jury.

The schooner was under charter to take a cargo to New York on account of the plaintiffs. She grounded, with the cargo on board, in going over the bar at Alvarado; was got off by a Mexican vessel of war; and a claim for salvage to one-third the value of the vessel and cargo presented. This was compromised through the exertions of Fischer, Büssing & Co., acting at the instance and by the request of the master, for a sum of $1,010.24; and the money advanced by Fischer, Büssing & Co. on the security of a bottomry bond, given by the master, accompanied by a draft on the defendant (the owner) for the amount. The bottomry bond also secured to the lenders a maritime premium of 15 per cent., amounting to $151.53.

After the departure of the vessel, the account of the American consul, for additional disbursements made by and fees to him, amounting to $700, was presented to and paid by Fischer, Büssing & Co., and forwarded by them to the plaintiffs, at New York, for collection against the vessel. These several amounts constituted a general average, to be paid by the vessel, cargo, and freight.

The draft for the $1,010.24 was forwarded by the plaintiffs to New Haven, Connecticut, where the defendant resided, and was paid by him on its presentation. Captain Munson, the master, on his arrival in New York, employed an average adjuster, to adjust the general average, who accordingly made up the average statement. The $1,010.24 and the $700 were both included in the average adjustment.

The defendant had insurances upon the vessel in two insurance offices in New York, to the extent of five-twelfths of the value of the vessel. On the completion of the general average adjustment, it was presented to each of these companies.

The defendant claimed and received from each five-twelfths of the amount awarded to him in general average as the owner

of the vessel, including the amount both of the bottomry bond, for $1,010.24, and the account of additional disbursements, amounting to $700. The balance of those amounts claimed by the plaintiffs in this action was the sum of $552.18, besides interest, which the plaintiffs had omitted to collect at the time, through mistake.

Various exceptions were taken by defendant at the trial, which are sufficiently manifest from the argument and opinion. The jury rendered a verdict for the plaintiff for the amount claimed, and interest; judgment was entered, and defendant appealed: no motion for a new trial had been made.

*Dexter A. Hawkins*, for the appellant.—I. The plaintiffs are not entitled to a verdict upon their own showing: hence a new trial should be granted. (3 *Grah. & Wat.*, 1187.)

II. The verdict is against the direction of the court: "that no claims can be allowed except the specified items in the bill of particulars."

III. A nonsuit should have been granted.

IV. The court erred in refusing to charge that the fact that the master sailed the vessel on shares, made the master owner *pro hac vice*, and relieves the general owner of liability for supplies and necessaries. (1 *Pars. Mar. L.*, 235; 8 *Johns.*, 272; Frazer *a.* Marsh, 13 *East*, 238; 1 *Pars. Mar. L.*, 111, *n.*; Reeve *a.* Davis, 2 *Nev. & M.*, 873; *A. & E.*, 312; 5 *Pick.*, 422; 1 *Gray*, 125; 16 *Law. R.*, 43; 4 *Greenl.*, 264; 16 *Maine*, 413; *Curtis C. C.*, 104; 15 *Johns.*, 298.) The same principle underlies numerous other decisions. (15 *Mass.*, 370; 16 *Ib.*, 336; 6 *Pick.*, 335; 12 *Ib.*, 355; 10 *Met.*, 402; 20 *Maine*, 213; 23 *Ib.*, 17; 26 *Ib.*, 185. See, also, 7 *Greenl.*, 261; 15 *Mass.* [Rand's ed.], 481, *a;* 8 *Johns.*, 572; 5 *Law Rep.*, 416.) The question is, whether the owner, by reason of the charter-party, has devested himself of the ownership *pro hac vice*, and whether there has been any direct contract between the parties varying the responsibility. (4 *Watts & Serg.*, 240; Webb *a.* Pierce, 1 *Curt.*, 10; see Saxton *a.* Read, *Hill & D.*, 323; Lines *a.* Howard, 40 *Maine*, 276; Valejo *a.* Wheeler, *Cowp.*, 143; 3 *Kent's Com.*, 193; *Abbott on Ship.* [8 ed.], *n.* 1, 6; Perry *a.* Osborn, 5 *Pick.*, 428.)

V. The court erred in refusing to charge that any advance

Lobach *a.* Hotchkiss.

over $1,010.24 was made without authority, and not a charge against defendant.

VI. The court erred in refusing to charge that the bill of exchange for $1,010.24, having been accepted or paid before the arrival of the vessel, there was no maritime risk, and that the maritime interest cannot be allowed. (*Abbott on Ship.* [ed. 1850], 117; The William & Emmeline, 1 *Blatch. & How.*, 66; Jennings *a.* Ins. Co. of Penn., 4 *Binn.*, 224; 3 *Kent's Com.* [9th ed.], 459, 460, N.; 3 *W. & M.*, 336; 2 *Park. on Ins.*, 384; 8 *Jur.*, 716; 3 *Notes of Cases*, 180; 3 *Mason C. C.*, 341; The Nelson, 1 *Hagg.*, 179.

VII. The court erred in charging the jury that if Captain Munson employed the average-adjuster, and the general statement included the $1,710.24, and defendant claimed and received from the underwriters their proportion of the general average as adjusted, and plaintiffs had received $1,309.59, and no more, the plaintiffs are entitled to recover $552.18. The charge, to be correct, assumes, 1. That Munson was agent for defendant; 2. That the proportion of general average claimed and received was $1,710.24, when the proof was only of $1,291.37. 3. It is founded on a clear arithmetical error. 4. The implied assumption of the amount received by plaintiffs is not sustained by the proof.

*Jeremiah Larocque*, for the respondents.—I. No motion for a new trial having been made at the special term, the application on the case and exceptions cannot be entertained on this appeal, and the judgment must be affirmed. (*Code*, § 265.)

II. The whole case was properly left to the jury upon the evidence, under the instructions given to them. The $1,309.59, referred to in the charge as the amount collected, included the $151.53 of marine premium (specifically receipted for as such), leaving $1,158.06 collected on the $1,710.24, and a balance due of $552.18, besides interest.

III. The several instructions asked for by the defendant's counsel were properly refused, except the 7th, which was charged.

IV. The motion to dismiss the complaint was properly denied.

V. The several rulings on questions of evidence, to which exceptions were taken, were correct.

VI. The defence of sailing on shares, and that the captain, if any one, was therefore the person liable, and not the owner, was not set up in the answer; was sustained by no proof; and would have been unavailing if proved, as the debt was incurred for the benefit of the vessel's hull; was covered by insurance in favor of the owner, and not of the master; and the owner recognized his responsibility by collecting the general average for his own benefit.

By THE COURT.—LEONARD, J.—The complaint claims to recover a balance of $552.18, part of the sum of 1,710.24, advanced by Fischer, Büssing & Co., at a foreign port, for the necessities, &c., of a vessel belonging to the defendant, on the request of the master, to enable the vessel to proceed to sea; which demand was by the foreign house assigned to the plaintiffs. The defence is payment, and a general denial of all the allegations of the complaint.

The first objection to the recovery is, that there is no evidence that Fischer, Büssing & Co., the plaintiffs' assignor, paid any greater sum than the amount of the draft for $1,010.24 for the necessities of the vessel; and if they did, that the additional amount was paid without any authority from the captain of the vessel, or any one else acting for the vessel or her owner, the defendant.

The answer to this objection is, that an average adjustment was made in New York of the loss or damages sustained by the vessel, arising from the injury out of which the necessity for the advances in question arose, and that the firm of Fischer, Büssing & Co. advanced the amount claimed by them at the foreign port. Evidence was given tending to prove that the whole amount of these advances was included in this adjustment as part of the loss or damages sustained, and that the defendant received payment of his loss, so far as he was insured, based upon this adjustment. The evidence was sufficient to support the verdict.

The defendant accepted payment of his loss to the amount insured, which was adjusted, on a statement of damages, including the whole amount of the advances, and exceeding the amount of the draft of $1,010.24, which he insisted at the trial was all which the plaintiffs' assignors had advanced for the

necessities of his vessel, and that there was an entire want of authority to advance any larger sum. The inclusion of this amount in the average adjustment, was an admission that the advances which were claimed to constitute the loss were made for the account of the vessel. The defendant could not claim the benefit of the advances, to enhance the amount of his recovery from the insurance companies, without being held to have admitted that the advances were actually made, and were authorized. If the advances were unauthorized, he had not sustained the amount of damages which he claimed.

The second objection raised by the defendant's points is equally untenable.

The bill of particulars contains the items of the claim for $1,710.24, and the complaint seeks to recover a balance thereof remaining unpaid.

The bottomry interest, $151.53, is not sought to be recovered here. That sum had been voluntarily paid long before suit. Nor does that sum constitute any part of the $1,710.24, as will be seen by reference to the bill of particulars, nor of the balance thereof remaining unpaid.

The sums which had been paid towards the items composing the sum of $1,710.24, were the draft, $1,010.24, and the sum of $147.82, paid by Captain Munson in New York, amounting together to $1,158.06, and leaving unpaid of the principal sum mentioned in the complaint just the balance of $552.18 here claimed.

The objection that the owner is relieved from liability because the master sailed the vessel on shares, is not well taken. The terms of the agreement under which the master sailed the vessel were not proven. The advances were for the preservation of the vessel, as well as for the advantage of the freight and cargo.

The authorities show a great many nice distinctions in respect to the liability of the owner or master for work and labor, materials, and goods, wares, &c., supplied to vessels under various conditions of the agreement entered into between the owner and the master in respect to sailing or running the vessel. They appear to turn, generally, upon the inquiry to whom the credit must be deemed to have been given, whether to the master or the owner.

The demand in suit arose from a liability of the vessel and cargo for salvage, which the assignors of the plaintiffs advanced to discharge the lien therefor, and to enable the vessel to proceed on her voyage. I think it entirely clear that no advances were made here upon the credit of the master.

The foregoing considerations embrace all the questions raised by the defendant on the motion to dismiss the complaint; and also the first, second, third, fourth, and eighth requests to charge, and the exception to the charge given to the jury on the request of the plaintiffs.

No question was raised by the defendant at the hearing of the appeal in respect to his other requests relating to the charge.

Several exceptions to the admission of evidence were taken by the defendant at the trial, as it appears by the case; but none of them were argued at the hearing, and further reference to them is therefore considered unnecessary.

It is proper to notice a point of practice raised by the plaintiffs. It was insisted by the counsel for the plaintiffs, at the hearing, that the judgment must be affirmed, because no motion for a new trial upon a case or exceptions had been made at the special term.

The action was tried by a jury. The appeal is from the judgment, and no motion having been made for a new trial at the special term, of course there is no appeal from an order refusing a new trial.

A motion for a new trial must be made, in the first instance, at special term or circuit, on a case or exceptions, when the action has been tried before a jury. (*Code*, § 265.) The terms "case" and "exceptions" had a well-defined, legal signification when the Code was framed, and were therein used in the same sense as they had been previously used. A motion for a new trial on a case, prior to the adoption of the Code, was an application to the equitable discretion of the court on the merits, as presented by the facts in proof; and was resorted to, generally, when the verdict was supposed to be against the weight of evidence, or the damages were excessive, &c., &c. A bill of exceptions was made when the defeated party wished to urge his strict legal right to a new trial for alleged errors committed in the course of the trial, to which the attention of the judge had been called by an objection, and an exception had been

taken to his ruling. Exceptions taken at the trial involve a legal right; and, if well taken, generally secure to the injured party a new trial.

The exception then, as now, raises a question of law. It sometimes occurred that a party who had failed to obtain a verdict desired to bring before the court exceptions taken at the trial, and also a review of the facts upon the merits, so as to urge that the verdict was against the weight of evidence, as well as to urge his right to a new trial on his exceptions. This was usually done by a bill of exceptions; and the application was made thereon for a new trial before the circuit judge as upon a case.

The same practice is preserved by section 265 of the Code; and if an appeal is taken from the decision of the judge, made either at the circuit or the special term, it must be taken under section 349 of the Code. That is, the *order* is appealed from because it grants or refuses a new trial.

A review upon the facts can be secured at the general term only in that way when there has been a trial by jury. An appeal under section 348 of the Code may be taken upon the *law* in all cases from a judgment entered under the direction of a single judge of the same court or a referee. No review of the facts can be had on such an appeal where there has been a jury-trial. And it would seem that no such review could be had under this section where the trial had been before a referee, except for the next paragraph, providing expressly for an appeal upon the fact when the trial is by the court or referees.

It is clear that an appeal lies upon the *law*, from a judgment, when there has been a trial before the judge at the circuit with a jury, as in the present case. Upon such an appeal, under section 348, there is no application to the equitable discretion of the court. The appeal must be considered upon the *law* only, arising upon such exceptions as were taken to errors committed during the trial.

The present is such an appeal; and the point raised by the plaintiffs' counsel is not, in my opinion, well taken.

Judgment must, however, be affirmed on this appeal, with costs, as we find no errors to have been committed.

SUTHERLAND, P. J., concurred.

BARNARD, J., expressed no opinion.